

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00182-CR

IN RE MATTHEW FLOWERS, RELATOR

ORIGINAL PROCEEDING

July 28, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Relator Matthew Lee Flowers has filed his petition for writ of mandamus in which he requests that this Court direct respondent, the Honorable Steven Emmert, presiding judge of the 31st District Court of Lipscomb County, "to rule on motions for appointment of counsel and hearing on finding of DNA evidence." Flowers filed those motions in his pro se capacity. We deny his petition.

On July 10, 2025, Judge Emmert appointed counsel for relator, effectively granting relator's motion for appointment of counsel. So, the portion of relator's petition requesting such relief has hereby been rendered moot. *See In re Jackson*, No. 07-19-00054-CV, 2019 Tex. App. LEXIS 1423, at *1 (Tex. App.—Amarillo Feb. 26, 2019, orig. proceeding) (per curiam) (mem. op.) (dismissing petition for mandamus as moot when "[t]he trial court has provided relator the relief he sought in this mandamus proceeding"); *see also In re*

*Bailey*, No. 14-25-00389-CV, 2025 Tex. App. LEXIS 3780, at *2 (Tex. App.—Houston [14th Dist.] June 3, 2025, orig. proceeding) (per curiam) (mem. op.) ("A petition for a writ of mandamus for failure to rule is dismissed as moot when the trial court rules after the petition for writ of mandamus is filed."). We, therefore, deny this portion of relator's petition.

Additionally, the effect of the order granting relator's motion is that relator is now represented by counsel. That being so, Judge Emmert has no ministerial duty to act on Flowers' remaining pro se motion. That is, the trial court now may disregard relator's pro se filings for it no longer has a ministerial duty to rule on them. *See In re Welsh*, No. 07-21-00187-CR, 2021 Tex. App. LEXIS 8435, at *3–4 (Tex. App.—Amarillo Oct. 19, 2021, orig. proceeding) (per curiam) (mem. op.); *see also In re Bledsoe*, No. 06-14-00113-CR, 2014 Tex. App. LEXIS 7878, at *1–2 (Tex. App.—Texarkana July 23, 2014, orig. proceeding) (mem. op.) (denying similar mandamus relief because relator, represented by appointed counsel, had no right to hybrid representation). And, the trial court's lacking a ministerial duty to act pretermits our authority to issue a writ of mandamus directing it to act. *See In re Welsh*, 2021 Tex. App. LEXIS 8435, at *2 (stating that a relator must show that the act to be compelled is ministerial to secure a writ of mandamus.)

Because one matter raised in relator's petition is moot and because he has not shown himself entitled to relief on the remaining matter, we deny relator's petition for writ of mandamus.

Brian Quinn
Chief Justice

Do not publish.

2